UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KELLY NAROWSKI,

      Plaintiff,

                                     CASE NO:

vs.

DAVIS FUNERAL CHAPEL, INC.,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, Kelly Narowski ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Davis Funeral Chapel, Inc., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## **JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.      Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3.      Plaintiff, Kelly Narowski (hereinafter referred to as "Narowski") is a resident of Leavenworth, Kansas, and is a qualified individual with a disability under the ADA. Narowski has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffered a spinal injury and requires the use of a wheelchair for mobility. Prior to instituting the instant action, Narowski has visited the premises at issue in this matter, and was denied full, safe and

equal access to the subject property of Defendant due to its lack of compliance with the ADA, and more specifically, those barriers listed in Paragraph 11, below, that Narowski personally encountered.  Narowski continues to desire and intends to regularly visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant Davis Funeral Chapel, Inc., is a domestic corporation registered to do business and, in fact, conducting business in the State of Kansas. Upon information and belief, Davis Funeral Chapel, Inc. (hereinafter referred to as "DAVIS") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically Irene's Overlooked Treasures thrift store located at 609 Shawnee Street, Leavenworth, Kansas (hereinafter referred to as the "Store").

5.      All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Store owned by DAVIS is a place of public accommodation in that it is a retail Store operated by a private entity that provides goods and services to the public.

8.      Defendant DAVIS has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store

2

in derogation of 42 U.S.C §12101 *et seq*.

9.     The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Store owned by DAVIS. Prior to the filing of this lawsuit, Plaintiff visited the Store at issue in this lawsuit in July. 2021, and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that she personally encountered. In addition, Plaintiff continues to desire and intends to regularly visit the Store, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Store in violation of the ADA.  Narowski has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     DAVIS is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i)     There is no accessible route provided to enter the Store due to an abrupt change in level at the entry door ranging between approximately 5 ½ and 8 inches in height that is not ramped as necessary for a wheelchair user to enter.

(ii)    The entry door to the Store is equipped with knob hardware that requires tight grasping and twisting of the wrist to operate.

12.     There are other current barriers to access and violations of the ADA at the Store owned and operated by DAVIS that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once

a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, DAVIS was required to make its Store, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, DAVIS has failed to comply with this mandate.

15.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by DAVIS pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against DAVIS and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and administered by DAVIS is violative of the ADA;

B.     That the Court enter an Order directing DAVIS to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing DAVIS to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including

4

expert fees) and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26th day of October, 2021.

/s/ David P. Calvert
David P. Calvert
Kansas State Bar No.: 06628
532 N. Market Street
Wichita, Kansas 67214
Telephone:  (316) 269-9055
Email: lawdpc@swbell.net

**Designation of Place of Trial**

Plaintiff designates Wichita, Kansas, as the place of trial.

DAVID P. CALVERT, P.A.

By: /s/ David P. Calvert
David P. Calvert, #06628

5